UNITED STATES BANKRUPTCY COURT
DISTRICT OF ALASKA

In re:

LISA MARIE RAVENSCROFT,

         Debtor.

Case No.  23-00021-GS
Chapter 7

**ORDER DISMISSING CASE**

On February 13, 2023, the debtor Lisa Ravenscroft filed her chapter 7 petition together with her certificate of credit counseling. The certificate was dated July 29, 2022, which was 198 prior to her bankruptcy filing. Section 109(h)(1) of the Bankruptcy Code requires that an individual debtor obtain a credit counseling certificate within 180 days from the date of her petition, otherwise, such person cannot be a debtor in bankruptcy. 11 U.S.C. § 109(h)(1). On February 22, 2023, the court entered its Order Setting Hearing on Credit Counseling Requirement (ECF No. 14) (Order) scheduling a hearing for the purpose of determining whether this chapter 7 case should be dismissed for Ms. Ravenscroft's failure to obtain a credit counseling certificate within 180-days of filing her bankruptcy.

A hearing was held before the undersigned on March 7, 2023. Benjamin Frey appeared on behalf of the debtor, who also appeared. Kathryn Evens appeared for the U.S. Trustee. All appearances were via remote video (Zoom).

Counsel for the debtor advised that he had received the certificate from the debtor sometime earlier than the filing but had not examined the date of the certificate. As a result, the debtor is not eligible for her bankruptcy filing under 11 U.S.C. § 109(h). *In re Gibson*, 2011 WL 7145612, at *3–4 (B.A.P. 9th Cir. Dec. 1, 2011); *In re Alvarado*, 496 B.R. 200, 209 (N.D. Cal. 2013). Accordingly, the case must be dismissed.

The court has expressed concerns regarding the reasonableness of the fees charged the debtor for the filing of a bankruptcy case using an outdated credit counseling certificate. 11 U.S.C. § 329(b); *In re Alvarado*, 496 B.R. at 212-13 (affirming disgorgement of fees where "a lawyer who takes a thousand dollars to file a bankruptcy for a client for a case that is dismissed for failed— defect in the qualification, namely, and [sic] untimely credit counseling, has not provided any benefit."). Counsel may mitigate the consequences of the improper filing if: (1) counsel pays for the debtor's updated credit counseling certificate; (2) the case is promptly refiled (and a motion to extend the stay if properly filed and timely noticed under 11 U.S.C. § 362(c)(3))[1]; and (3) no additional fees are charged and counsel pays for the refiling of the subsequent bankruptcy. The court shall retain jurisdiction over this case despite the dismissal to review the reasonableness of the fees under § 329(b) if necessary.

Therefore,

**IT IS ORDERED** that this case is DISMISSED for the debtor's failure to comply with 11 U.S.C. § 109(h)(1).

**IT IS FURTHER ORDERED** that any subsequent bankruptcy case be refiled by the debtor before the close of business on March 24, 2023. Counsel shall pay the filing fee for the subsequent case, as well as the fee for the subsequent credit counseling certificate, from the fees previously collected for the instant case. If no bankruptcy case is refiled for the debtor by the close of business on March 24, 2023, the court reserves the right to review the propriety of the fees paid and conduct a hearing on the disgorgement of attorney fees.

---

1   The refiling of a bankruptcy after dismissal within a one-year period causes the automatic stay to terminate on the 30th day after the filing of the second case, unless the court orders otherwise based upon a motion to continue the stay, made after notice ***and a hearing completed before the expiration of the 30-day period.***   11 U.S.C § 362(c)(3)(B)

DATED: March 7, 2023.

BY THE COURT

/s/ Gary Spraker
GARY SPRAKER
United States Bankruptcy Judge

Serve: Debtor
Benjamin Frey
Nacole M. Jipping, Trustee
Kathryn Evans, Esq. (Via email)
Case Manager